Louie J. Yanza
MAHER • YANZA • FLYNN • TIMBLIN, LLP
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
GILBERT JOSE MATTA

FILED
DISTRICT COURT OF GUAM
AUG 1 0 2005
MARY L.M. MORAN
CLERK OF COURT

# U.S. DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, | MOTION TO SEVER SECOND COUNT OF THE INDICTMENT AND FOR SEPARATE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE |
| vs. | |
| GERARDO ELOY GONZALEZ, JR., JOHN TIMOTHY PERALTA, DEANNA INGRID MORALES a/k/a DEANNA MORALES GUERRERO, SEAN MICHAEL COLE a/k/a SHAWN COLE, GILBERT JOSE MATTA, JESSICA ROSE MESA, LISA MARIE RODRIGUEZ a/k/a LISA RODRIGUEZ-COLE, AND ANNETTE JOYCE GONZALEZ a/k/a ANNETTE ROMERO | |
| Defendants. | |

TO: Plaintiff UNITED STATES OF AMERICA, by and through its attorney of record, MARIVIC P. DAVID, Assistant U.S. Attorney

## MOTION TO SEVER SECOND COUNT OF THE INDICTMENT AND FOR SEPARATE TRIAL

Defendant GILBERT JOSE MATTA ("MATTA"), through counsel, **MAHER •**
**YANZA • FLYNN • TIMBLIN, LLP,** by Louie J. Yanza, hereby moves this Court for

-1-

an order severing the Charges and Counts, in particular, requesting the Defendant be tried separately for the charges involving different victims.

This motion is based on the accompanying Memorandum of Points and Authorities submitted herewith, the record of the proceedings and papers on file herein, together with any and all oral testimony and arguments to be adduced at the hearing of the within entitled motion.

Dated this ____ day of August, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

On May 15, 2005, Defendant MATTA was indicted on one count of Conspiracy to Distribute Methamphetamine Hydrochloride. In the Indictment, it is alleged that Defendant MATTA engaged in a conspiracy to distribute with seven other co-conspirators between November 4, 2004 to May 17, 2005. The individuals are as follows:

1. Gerardo Eloy Gonzales, Jr.
2. John Timothy Peralta
3. Deanna Ingrid Morales a/k/a Deanna Morales Guerrero
4. Sean Michael Cole a/k/a Shawn Cole

-2-

Case 1:05-cr-00039    Document 72    Filed 08/10/2005    Page 2 of 9

    5. Gilbert Jose Matta

    6. Jessica Rose Mesa

    7. Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole

    8. Annette Joyce Gonzales a/k/a Annette Romero

Defendant MATTA is acquainted with only Co-Defendants SEAN MICHAEL COLE ("COLE") and JESSICA ROSE MESA ("MESA").

## II. ARGUMENT

The Federal Rules of Criminal Procedure permits a defendant to have a separate trial where joinder would result in prejudice to the defendant. Rule 14 states:

> **Relief from Prejudicial Joinder**
> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FRCP Rule 14.

Rule 14 requires the trial court to balance the right of defendants to a fair trial absent the prejudice that may result from joint trials, against the public's interest and efficient and economic administration of justice. *United States v. Caldwell*, 594 F.Supp. 548, 552 (N.D. Ga. 1984).

Wright opines prejudice may occur if separate offenses – and particularly those that are merely of a "similar character" and do not rise out of a single transaction – are joined. 1A Charles Allen Wright, FEDERAL PRACTICE AND PROCEDURE, Section 222 (1999). The prejudices Wright states a defendant may face at trial are:

(1) The jury may consider that a person charged with doing so many things is a bad person who must have done something, and may cumulate the evidence against him or her;

(2) Proof that defendant is guilty of one offense may be used to convict him or her of another even though proof of that guilty would have been inadmissible at a separate trial; and

(3) A defendant may wish to testify in his or her own defense on one charge but not on another.

Our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985). The danger that a jury will infer present guilt from the number of defendants present cannot be ignored by the Court. Id. In the case at bar, the prejudices stated in Wright are present to warrant a severance of the charges and a separate trial for Defendant MATTA.[1]

## III. ACCUMULATION OF EVIDENCE

It is anticipated the Government will call various witnesses to testify at trial that the Defendants had indeed conspired to distribute methamphetamine in Guam. The jury will very likely consider Defendant MATTA a bad person and cumulate the evidence against him if at trial, all the Defendants are present. The accumulation of

---

[1] At this time, Defendant has not waived his Fifth Amendment right to remain silent.

-4-

evidence through testimony of the witness will very likely characterize Defendant MATTA a bad person since, he has been indicted along with the other Defendants. See, United States v. Barrett, 505 F.2d 1091, 1106 (7th Cir. 1974) (additional citations omitted) ("Obviously any adding of offenses to other is prejudicial to some extent."). In fact, the Government's introduction of evidence against the Co-Defendants joined in one case, although each charge having separate dates of occurrences, will be used solely to prove Defendant MATTA's criminal disposition. See, GRE Rule 404(b). The Government has alleged that all the conspirators were conspired by Defendant MATTA with those in the Second Count of the Indictment. The problem is that there is no linkage between Defendant MATTA and the other Defendants (except for Cole and Mesa). See, United States v. Lecompt, 99 F.3d 274 (8th Cir. 1996). Yet, to try the Defendant on the Second Count, while the evidence on the remaining counts involve other defendants, on all charges would be only to prove the Defendant's criminal disposition through the accumulation of evidence.

### IV. INADMISSIBLE EVIDENCE

The second type of prejudice is that Defendant MATTA would have the inability to confront and cross-examine witnesses resulting from joinder. Bruton v. United States, 391 U.S. 123 (1968). Here, Defendant MATTA's right to confront and cross-examine witnesses would be violated. A non-testifying Co-Defendant's confession will be used to incriminate Defendant MATTA. The only Co-Defendant who has allegedly incriminated Defendant MATTA is Co-Defendant COLE. Co-Defendant COLE stated that Defendant MATTA and Co-Defendant MESA would help him in selling methamphetamine. The problem Defendant MATTA faces is that he

would be denied his right to confront and cross-examine COLE since it is anticipated that Co-Defendant COLE will not take the stand to testify and assert his Fifth Amendment. Defendant MATTA will be definitely prejudiced by the joinder with the other Defendants.

### V. TESTIMONY OF DEFENDANT

The other prejudice is that if Defendant MATTA testifies on one charge but not on the other charges, the jury will be suspicious of the Defendant's defenses. This issue was discussed in Cross v. United States, 335 F.2d 987 (D.C. Cir. 1964). In Cross, the defendant was charged with two charges of robbery committed several months apart. Cross-moved for a severance on the ground that he wished to testify in his own defense on one charge but not on the other. The Court held that it was error to deny severance. The Court stated:

> If he testifies on one count, he runs the risk that any adverse effects will influence the jury's consideration of the other count. Plus he bears the risk on both counts, although he may benefit on only one. <u>Moreover, a defendant's silence on one count will be damaging in the face of his expressed denial of the other.</u> Because he may be coerced into testifying on the count upon which he wished to remain silent, it is not necessary to decide whether this invades his Constitutional right to remain silent, since we deem it constitutes a prejudice within the meaning of Rule 14.

Cross, at 989.

//

//

//

## CONCLUSION

For the above-enumerated reasons, Defendant MATTA respectfully requests that he have a separate trial for the charges in the Second Count of the Indictment.

Respectfully submitted this 10th day of August, 2005.

           MAHER • YANZA • FLYNN • TIMBLIN, LLP
           Attorneys for Defendant
           **GILBERT JOSE MATTA**

By: _____
    LOUIE J. YANZA

# CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before August 10, 2005, I caused to be sent by personal service or by facsimile a copy of the annexed **Motion to Sever Second Count of the Indictment and for Separate Trial; Memorandum of Points and Authorities; Certificate of Service**, to the following parties at their place of business:

**Ms. Marivic P. David**
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for the United States of America**

**Howard G. Trapp, Esq.**
HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagatña, Guam 96910
**Counsel for Defendant Sean Michael Cole a/k/a Shawn Cole**

**Joaquin C. Arriola, Jr., Esq.**
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagatña, Guam 96910
**Counsel for Defendant Jessica Rose Mesa**

**Ms. Cynthia V. Ecube**
LAW OFFICES OF CYNTHIA V. ECUBE
207 Martyr Street, Suite 3
Travel Pacificana Building
Hagatña, Guam 96910
**Counsel for Defendant Annette Joyce Gonzalez a/k/a Anette Romero**

**William L. Gavras, Esq.**
LAW OFFICES OF GORMAN & GAVRAS
2nd Floor, J&R Building
208 Route 4
Hagatña, Guam 96910
**Counsel for Defendant John Timothy Peralta**

**Samuel S. Teker, Esq.**
TEKER TORRES & TEKER, P.C.
130 Aspinall Avenue, Suite 2A
Hagatña, Guam 96910
**Counsel for Defendant Deanna Ingrid Morales a/k/a Deanna Morales Guerrero**

/ /

/ /

**G. Patrick Civille, Esq.**
CIVILLE & TANG, PLLC
Suite 200, 330 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for Defendant Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole**

Dated this 10th day of August, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA