LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

AUG 1 1 2005 ᕐᑊ

MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN TIMOTHY PERALTA, <br> DEANNA INGRID MORALES <br> a/k/a DEANNA MORALES GUERRERO, <br> SEAN MICHAEL COLE <br> a/k/a SHAWN COLE, <br> GILBERT JOSE MATTA, <br> JESSICA ROSE MESA, <br> LISA MARIE RODRIGUEZ <br> a/k/a LISA RODRIGUEZ-COLE, <br> ANNETTE JOYCE GONZALEZ <br> a/k/a ANNETTE ROMERO, <br> **GILBERT JOSE MATTA and** <br> **JESSICA ROSE MESA,** <br><br> Defendants. | CRIMINAL CASE NO. 05-00039 <br><br> **GOVERNMENT'S OPPOSITION TO DEFENDANT JESSICA ROSE MESA'S MOTION TO SEVER TRIAL, AND DEFENDANT GILBERT JOSE MATTA'S MOTION TO SEVER COUNT OF INDICTMENT AND FOR SEPARATE TRIAL** |

Defendants GILBERT JOSE MATTA and JESSICA ROSE MESA claim that they are prejudiced by the joinder of defendants and charges in this case, and have moved for a severance under Rule 14 of the Federal Rules of Criminal Procedure.

A. <u>Risk of Spillover</u>

The general rule, especially in conspiracy cases, is that persons jointly indicted should be tried together. <u>Zafiro v. United States</u>, 506 U.S. 534 (1993). The Supreme Court has made it clear that the risk of prejudice posed by joint trials can be cured by careful and thorough jury instructions. <u>Zafiro</u>, 506 U.S. at 540-41. For example, the trial court should instruct the jury to consider the evidence on each count and against each defendant separately. Also, "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." <u>Id</u>. at 540.

The test for severance is not simply prejudice. The defendants must demonstrate prejudice "'other than that which necessarily inheres whenever multiple defendants . . . are tried jointly.'" <u>United States v. Adler</u>, 879 F.2d 491, 497 (9th Cir. 1988). For example, in <u>United States v. Kennedy</u>, 564 F.2d 1329, 1334 (9th Cir.), <u>cert</u>.<u>denied</u>, 435 U.S. 944 (1978), the defendant contended that "the government's ploy was to infect each defendant with the acts and transgressions of the other defendants," and that a "parade of horribles" would never have been admitted had he been tried alone. The court responded:

> It is not surprising that a defendant might prefer to be tried separately so that only evidence admissible strictly against him would be heard by the jury. However, if this formed the only basis for prejudice required for severance, the consequent volume of separate trials of multiple actions in a series of similar and connected illegal transactions would create an intolerable burden on the trial courts. Serious consideration is properly to be given to the factor of judicial economy by the trial court in the exercise of its discretion when severance is sought.
> <u>Id</u>.

As well, courts have routinely rejected motions based upon disparity of evidence. The fact that the evidence as to some defendants is stronger than it is against others does not mandate severance. <u>United States v. Polizzi</u>, 801 F.2d 1543, 1545 (9th Cir. 1986)(existence of more incriminating evidence against one codefendant does not justify separate trials). See <u>e.g.</u>, <u>United States v. Vasquez-Velasco</u>, 15 F.3d 833, 866 (9th Cir. 1994)(gruesome and emotionally moving

//

2

tape of interrogation of DEA agent used as evidence against codefendant did not justify separate trials).

Any cumulative nature of the evidence and risk of spillover justify a severance only in the most extreme cases. The defendants here have not made a compelling showing that a joint trial would result in prejudice, and that a cautionary instruction at the joint trial would not cure that prejudice.

B. The *Bruton* Rule

The defendants assert without elaboration that a *Bruton* problem exists. Defendant Mesa claims that "[s]pecifically, Mr. Cole made statements implicating that the other persons present, which included Ms. Mesa, would be assisting with the distribution." [Defendant Mesa's Memorandum in Support of Motion to Sever Trial p. 4]. Defendant Matta claims that "Co-Defendant Cole stated that Defendant MATTA and Co-Defendant MESA would help him in selling methamphetamine." [Defendant Matta's Memorandum of Points and Authorities p. 5].

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court held that the Confrontation Clause of the Sixth Amendment was violated when the confession of one defendant, implicating another defendant, was placed before the jury at the defendants' joint trial and the confessing defendant did not take the witness stand and was therefore not subject to cross-examination. By its context, *Bruton* is limited to a co-defendant's confession. In Richardson v. Marsh, 481 U.S. 200 (1987), the Supreme Court declined to extend the *Bruton* rule. It held that the Confrontation Clause is not violated by the admission of a nontestifying co-defendant's confession that is redacted to eliminate the defendant's name and any other reference to the defendant's existence. In Richardson, evidence introduced after the co-defendant's redacted confession caused the confession to inculpate the defendant. However, the Court found that such "contextual" incrimination did not violate Bruton because the jury was likely to obey a cautionary instruction to consider the statement itself as evidence only against the confession defendant. Id. at 208-211.

3

Contrary to the defendants' claims, a situation analogous to *Bruton* does not exist here. The *Bruton* confession was exacted during post-arrest questioning. In contrast, the statements of Cole to which Mesa and Matta object were obtained during a videotaped recording of a controlled delivery prior to all three defendants' arrests. No post-arrest questioning was conducted of Cole. Moreover, the contested statements are not facially incriminating and are admissible as a co-conspirator's statements made during the course of the conspiracy.

The Ninth Circuit has held that the *Bruton* rule does not apply if the nontestifying co-defendant's statement is admissible against the defendant under the co-conspirator exception to the hearsay rule set forth in Federal Rule of Evidence 801(d)(2)(E). Under the rule, a statement of the defendant's co-conspirator is admissible against the defendant if it was made during the course of and in furtherance of the conspiracy. The rule permits admission of a co-conspirator statement if the court finds (i) that the defendant and the declarant were involved in a conspiracy with each other at the time the statement was made; and (ii) that the statement was made in furtherance of that conspiracy. United States v. McCown, 711 F.2d 1441, 1448 (9th Cir. 1983). The court also may consider all evidence before it, whether admissible at trial or not, including the co-conspirator statements sought to be admitted. Bourjaily v. United States, 483 U.S. 171, 176-81 (1987). A statement by a con-conspirator is made "in furtherance" of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect. See United States v. Nazemian, 948 F.2d 522, 529 (9th Cir.), cert.denied, 506 U.S. 835 (1992).

No *Bruton* problem exists since Cole's recorded statements fall within the co-conspirator exception to the hearsay rule. "A fair trial does not include the right to exclude relevant and competent evidence." Zafiro, 506 U.S. at 540. Constitutional rights are not abridged in this case by the admission of evidence falling within an exception to the hearsay rule.

C. Testimony of Defendant Matta

Defendant Matta's request for a severance based in part on his desire to testify as to certain counts but not others is unsupported. Defendants Matta and Mesa have been charged

4

only in Count II of the indictment. Defendant Matta is not precluded from testifying in his own defense on the sole charge if he so desires.

Based on foregoing, defendants' motions to sever trial should be denied.

RESPECTFULLY submitted this 11th day of August 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *(signature)*
MARIVIC P. DAVID
Assistant U.S. Attorney

5