**FILED**
DISTRICT COURT OF GUAM
AUG 17 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00039 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| GILBERT JOSE MATTA, ) | **Denying Motions to Sever** |
| JESSICA ROSE MESA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On August 15, 2005, this case came before the Court for hearing on Defendant Jessica Rose Mesa's ("Mesa") Motion to Sever (Docket No. 64) and Defendant Gilbert Jose Matta's ("Matta") Motion to Sever Second Count of Indictment and for Separate Trial (Docket No. 72). Assistant United States Attorney Marivic P. David appeared on behalf of the Government. Appearing for Defendant Matta was Louie Yanza, Esq., and Joaquin C. Arriola, Jr. appeared on behalf of Defendant Mesa. At the conclusion of the hearing, the Court took the motions under advisement. Upon consideration of the record, argument of counsel, and relevant statutes and case law, the Court hereby DENIES both motions to sever in their entirety and sets forth the bases for its decision herein.

**BACKGROUND**

On May 25, 2005, an Indictment alleging various drug and money laundering charges was filed against Defendants Matta and Mesa and six other codefendants. The only charge in

Case 1:05-cr-00039  Document 89  Filed 08/17/2005  Page 2 of 9

United States v. Gilbert Jose Matta, Jessica Rose Mesa, et al., Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

1. the Indictment against Defendants Matta and Mesa was Count II, charging them and the other
2. defendants with Conspiracy to Distribute Methamphetamine.
3.     The Defendants' motions and the Government's opposition do not set forth the pertinent
4. facts in detail. Accordingly, the following background facts are obtained from the original
5. Complaint in Magistrate Case No. 05-00028.
6.     On May 16, 2005, during an operation at the Guam International Airport targeting
7. arriving passengers from Honolulu, Hawaii, a drug detector dog "alerted" to two passengers –
8. male and female – later identified as Gerardo Eloy Gonzalez, Jr. and Mia Mary Rojas. Law
9. enforcement agents later discovered that Ms. Rojas had 162.5 grams gross weight of a white
10. crystal substance in a condom secreted on her person. The substance was field tested and
11. resulted in a presumptive positive for the presence of amphetamines.
12.     Ms. Rojas told the officers that she and Mr. Gonzalez were expected to check in to Hotel
13. Mai Ana and then call John Timothy Peralta to arrange for the delivery of the crystal substance.
14. Mr. Gonzalez confirmed Ms. Rojas's statement.

> Rojas and Gonzalez further explained that approximately a year ago, Annette Gonzalez, SEAN MICHAEL COLE a/k/a/ SHAWN COLE, Lisa Rodriguez, Deanna Morales, Douglas Guerrero, John Peralta, and others all agreed to smuggle crystal methamphetamine between Tijuana, Mexico, California, and Guam. According to Rojas, Peralta was the main distributor in Guam for this organization. Rojas stated that COLE, Guerrero, Morales, Rodriguez and others have carried crystal methamphetamine secreted in their body cavities. According to Rojas, COLE, Guerrero, and Rodriguez began to smuggle their own crystal methamphetamine, however, would check each other when one of them were out of crystal methamphetamine.
>
> On May 17, 2005, a controlled delivery was conducted where Rojas and Gonzalez were placed at the Hotel Mai Ana, Room 208. Rojas and Gonzalez were given a zip lock bag containing "sham," or a counterfeit substance. Gonzalez placed a monitored and recorded telephone call to SEAN MICHAEL COLE a/k/a/SHAWN COLE, and informed him that he and Rojas had arrived in Guam. COLE told Gonzalez that he was at the airport waiting for them. COLE told Gonzalez that he would come by Hotel Mai Ana.

24. ///
25. ///
26. ///
27. ///
28. ///

- 2 -

Case 1:05-cr-00039 Document 89 Filed 08/17/2005 Page 3 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, et al., Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

On May 17, 2005, at about 8:59 p.m., COLE arrived at the Hotel Mai Ana, Room 208, with GILBERT JOSE MATTA and JESSICA ROSE MESA. COLE spoke with Gonzalez and Rojas and told them about two couriers who were internally carrying crystal methamphetamine but were arrested in Guam on Saturday. COLE told Gonzalez and Rojas that he will sell the crystal methamphetamine and return in a day or so with money for Gonzalez and Rojas. COLE told them that MATTA and MESA were going to assist COLE in distributing the crystal methamphetamine. COLE was arrested after taking possession of the sham and as he was preparing to leave the hotel room.

Complaint, Magistrate Case No. 05-00028, at ¶¶7-9. This was the second of three reverse sting operations that evening involving Ms. Rojas and Mr. Gonzalez.

## ANALYSIS

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of defendants in the same indictment to promote judicial economy.

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (*quoting* Richardson v. Marsh, 481 U.S. 200, 209-210 (1987)).

Nevertheless, a trial judge has broad discretion to grant or deny severance of joined counts or defendants after balancing the interest in judicial economy against the risk of prejudice to the defendant or the Government. Rule 14 of the Federal Rules of Criminal Procedure provides for relief from prejudicial joinder and states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

As Defendant Mesa herself notes,

[t]he moving party must show more than that a separate trial would have given him a better chance for acquittal. He must also show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of

- 3 -

United States v. Gilbert Jose Matta, Jessica Rose Mesa, et al., Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

Case 1:05-cr-00039   Document 89   Filed 08/17/2005   Page 4 of 9

opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant. In other words, the prejudice must have been of such magnitude that the defendant was denied a fair trial.

United States v. Douglas, 780 F.2d 1472, 1478 (9th Cir. 1986) (*quoting* United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980)).

Defendants Matta and Mesa now seek to sever their trials from the other codefendants for two reasons: (1) they are prejudiced by the inability to confront and cross-examine defendant Cole on his statement that implicates them in the conspiracy to distribute drugs; and (2) joinder prejudices the defendants based on the number of charges, number of defendants, and the overwhelming evidence against the other codefendants. Additionally, Defendant Matta argues that severance is warranted since prejudice will occur if he decides to testify only as to Count II but does not testify about the circumstances surrounding the other counts. These arguments are discussed separately below.

1. The *Bruton* Rule and the Right to Confrontation

The Defendants contend that unless they are severed from the other codefendants,[1] they will be prejudiced by their inability to confront and cross-examine a non-testifying codefendant, namely Sean Cole. Specifically, the Defendants assert that the Government intends to introduce the statement of defendant Cole to Ms. Rojas and Mr. Gonzalez that the two individuals present with him – Defendants Mesa and Matta – would assist in the distribution of the drugs. The Defendants contend that without this statement, there is little evidence, if any, to connect them to the distribution conspiracy. Defendants Matta and Mesa contend that because defendant Cole will likely assert his right not to testify, they will be denied their right to cross-examine him and the veracity of his statement, a right secured by the Confrontation Claus of the Sixth

---

[1] At the August 15, 2005 hearing, the Court asked counsel for the Defendants what specific relief they were seeking. Defendant Mesa's counsel stated that his client was requesting that either the trial against Defendants Matta and Mesa be severed from the other Defendants or that the Court sever Count II from the other offenses in the Indictment. Counsel for Defendant Matta, on the other hand, requested that Defendants Mesa, Matta and Cole proceed separately on Count II only.

Case 1:05-cr-00039 Document 89 Filed 08/17/2005 Page 5 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, et al., Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

Amendment. In support of their argument, the Defendants cite to <u>Bruton v. United States</u>, 391 U.S. 123 (1968), where the Supreme Court ruled that a defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a non-testifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant. <u>Id.</u> at 126.

The Government, on the other hand, asserts that this case is not analogous to <u>Bruton</u>. The Government notes that the <u>Bruton</u> confession was obtained during post-arrest questioning, while here defendant Cole's allegedly prejudicial statement was made pre-arrest during the course and in furtherance of the conspiracy. As such, <u>Bruton</u> is inapplicable.

The Ninth Circuit in <u>United States v. McCown</u>, 711 F.2d 1441 (9th Cir. 1983), held that <u>Bruton</u> was inapplicable when the statements complained of were not statements made in a confession but were statements made in furtherance of a conspiracy. <u>Id.</u> at 1448. "Admission of the co-conspirator statements did not jeopardize [the defendant's] [S]ixth [A]mendment right to confrontation, since the admitted statements substantially met the indicia of reliability set forth by the Supreme Court in <u>Dutton v. Evans</u> 400 U.S. 74, 88-89 (1970)." <u>McCown</u>, 711 F.2d at 1449.

In a later case, the Supreme Court held that evidence of a statement that satisfies the requirements for admission under the co-conspirator exception of Fed. R. Evid. 801(d)(2)(E) will not violate a defendant's right under the Confrontation Clause of the Sixth Amendment. See <u>Bourjaily v. United States</u>, 483 U.S. 171, 182-83 (1987). Co-conspirator statements under Rule 801(d)(2)(E) are among the "firmly rooted" exceptions to the hearsay rule and therefore, "a court need not independently inquire into the reliability of such statements." <u>Id.</u> at 183-84. Thus, a statement of a co-conspirator is admissible against a defendant under Rule 801(d)(2)(E) if the Government shows by a preponderance of the evidence that (1) a conspiracy existed at the time the statement was made; (2) the defendant had knowledge of and participated in the conspiracy; and (3) the statement was made in furtherance of the conspiracy. <u>Id.</u> at 175. To be in furtherance of the conspiracy, "the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." <u>United</u>

Case 1:05-cr-00039 Document 89 Filed 08/17/2005 Page 6 of 9

United States v. Gilbert Jose Matta, Jessica Rose Mesa, et al., Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

States v. Yarbrough, 852 F.2d 1522, 1535 (9th Cir. 1988). Expressions of future intent are also admissible. United States v. Bowman, 215 F.3d 951, 961 (9th Cir. 2000).

In the present case, there is ample evidence of the existence of a conspiracy at the time the statement was made. The second requirement is that Defendants Matta and Mesa had knowledge of and participated in the conspiracy. The Court finds that the preponderance of the evidence supports such a conclusion. The Court is skeptical of the Defendants' assertions that they merely drove defendant Cole to Hotel Mai Ana and accompanied him inside Room 208 without any knowledge of what would transpire therein. Defendant Cole knew he was going to Room 208 to pick up what he believed was illegal drugs from Mr. Gonzalez and Ms. Rojas. If the Defendants were merely "two unsuspecting friends," defendant Cole would more than likely have asked them to wait in the car for him while he went into the room himself rather than permit them to accompany him into the room when he met with Rojas and Gonzalez to pick up the drugs. Moreover, after hearing defendant Cole's statement implicating them, the Defendants did not protest or correct the alleged misstatement. The Defendants' actions indicate that they had knowledge of and participated in the conspiracy as charged in Count II. Finally, the defendant Cole's pre-arrest statement that Defendants Matta and Mesa will assist in the distribution of the drugs meets the third requirement as said statement was an expression of the future intent to further the common objectives of the conspiracy. Because defendant Cole's statement falls into the co-conspirator exception to the hearsay rule, the Court concludes that Bruton rule is inapplicable, and there is no violation of the Defendants' rights of confrontation. Accordingly, the Defendants' motions to sever on this basis is denied.

2. Risk of Spillover

The Defendants' next argument is that severance should be granted to prevent transference of guilt from the other codefendants to Defendants Matta and Mesa. The Defendants contend that because of the "plethora of charges in the indictment, and the number of defendants in this case" the charge against Defendants Matta and Mesa will "likely be swallowed up by the jury in considering the entire state of evidence against the remaining defendants." Mesa's Mot. to Sever, Docket No. 64, at 5.

Case 1:05-cr-00039 Document 89 Filed 08/17/2005 Page 7 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

The possibility that evidence against codefendants may "spill over" on a defendant is rarely sufficient to demonstrate compelling prejudice, especially when the jury receives limiting instructions. The general rule is that defendants who are indicted together in federal court should be jointly tried. United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir.), *cert. denied*, 449 U.S. 856 (1980). Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials. United States v. Tootick, 952 F.2d 1078 (9th Cir. 1991). As the Supreme Court has stated, severance should be granted

> only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. ... When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but as we indicated in Richardson v. Marsh, less drastic measures, such as limiting instructions often suffice to cure any risk of prejudice."

Zafiro, 506 U.S. at 539. "A crucial factor is the judge's diligence – or lack thereof – in instructing the jury on the purposes to which various strands of evidence may be put. In fact, we have stated that 'the prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge.'" Douglas, 780 F.2d at 1479 (*quoting* Escalante, 637 F.2d at 1201) (other citations omitted).

The Ninth Circuit has recognized that a great disparity in the amount of evidence introduced against joined defendants may, in some cases, be grounds for severance. See United States v. Donaway, 447 F.2d 940 (9th Cir. 1971) (holding that district court abused its discretion in refusing to grant defendant's motion for severance where the great majority of evidence introduced at the joint trial related only to other defendants). However, in assessing the prejudicial effect of a joint trial, the primary consideration is whether "the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence." Douglas, 780 F.2d at 1479 (*quoting* Escalante, 637 F.2d at 1201).

The Court concludes that this is not one of those rare cases where severance is warranted. There are only four separate counts in the Indictment – all related to drug distribution and the

Case 1:05-cr-00039  Document 89  Filed 08/17/2005  Page 8 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

laundering of the drug proceeds. While there are eight defendants charged in the Indictment, three have already pled guilty, thus only five defendants will actually proceed to trial at this time – a manageable number. While Defendants Matta and Mesa may suffer some prejudice, this is the sort of prejudice that is normally attendant to trials of multiple defendants. Such prejudice is insufficient to warrant severance when weighed against the interest in judicial economy. Furthermore, any potential prejudice may be cured or minimized by the trial court's carefully crafted instructions to the jury. Accordingly, the Defendants' motions to sever based on the risk of spillover or transference of guilt is denied as well.

### 3. Prejudice Resulting from Testimony on One Count and not Others

Defendant Matta's final argument is that severance is necessary to avoid prejudice that would result from his desire to testify as to Count II but invoke his Fifth Amendment right as to the other counts. Defendant Matta cites to Cross v. United States, 335 F.2d 987 (D.C. Cir. 1964) and asserts that the jury will suspect that he is hiding something if he does not testify as to the other charges.

Defendant Matta's reliance on Cross is misplaced since he is only charged with one count in the Indictment. He would not need to present any testimony or defense with respect to the other counts of the Indictment. The jury could and would be specifically instructed that the Defendant was only on trial for Count II as charged in the indictment, not for any other activities. Additionally, the trial court would likely include an instruction that a separate crime is charged against each defendant, and although the charges have been joined for trial, the jury must consider and decide the case of each defendant separately. Furthermore, the Court will not presume that the jury would not follow the Court's instructions. Accordingly, the Court denies the motion to sever on this ground.

///
///
///
///
///

Case 1:05-cr-00039   Document 89   Filed 08/17/2005   Page 9 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

## CONCLUSION

For the reasons set forth above, the Defendants' Motions to Sever are denied in their entirety.

SO ORDERED this 17th day of August 2005.

*/s/ Joaquin V.E. Manibusan*
JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge

- 9 -