Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
GILBERT JOSE MATTA

FILED
DISTRICT COURT OF GUAM
AUG 2 6 2005
MARY L.M. MORAN
CLERK OF COURT

## U.S. DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, | DEFENDANT GILBERT JOSE MATTA'S MOTION TO SEVER; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE |
| vs. | |
| GILBERT JOSE MATTA, JESSICA ROSE MESA, and LISA MARIE RODRIGUEZ a/k/a LISA RODRIGUEZ-COLE, | |
| Defendants. | |

TO: Plaintiff UNITED STATES OF AMERICA, by and through its attorney of record, MARIVIC P. DAVID, Assistant U.S. Attorney

### MOTION TO SEVER

Defendant GILBERT JOSE MATTA ("MATTA"), through counsel, **MAHER • YANZA • FLYNN • TIMBLIN, LLP,** by Louie J. Yanza, hereby moves this Court to reconsider its denial of his Motion to Sever ("Motion") and for an order severing the charges and counts, in particular, requesting the Defendant be tried separately for the charges involving different victims.

This motion is based on the accompanying Memorandum of Points and Authorities submitted herewith, the record of the proceedings and papers on file

-1-

Case 1:05-cr-00039    Document 122    Filed 08/26/2005    Page 1 of 7

ORIGINAL

herein, together with any and all oral testimony and arguments to be adduced at the hearing of the within entitled motion.

Dated this 26th day of August, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

On May 15, 2005, Defendant MATTA was indicted on one count of Conspiracy to Distribute Methamphetamine Hydrochloride. In the Indictment, it is alleged that Defendant MATTA engaged in a conspiracy to distribute with seven other co-conspirators between November 4, 2004 to May 17, 2005. The individuals are as follows:

1. Gerardo Eloy Gonzales, Jr.
2. John Timothy Peralta
3. Deanna Ingrid Morales a/k/a Deanna Morales Guerrero
4. Sean Michael Cole a/k/a Shawn Cole
5. Gilbert Jose Matta
6. Jessica Rose Mesa
7. Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole
8. Annette Joyce Gonzales a/k/a Annette Romero

Defendant MATTA is acquainted with only Co-Defendants SEAN MICHAEL COLE ("COLE") and JESSICA ROSE MESA ("MESA").

On August 24, 2005, the Court denied Co-Defendant LISA MARIE RODRIGUEZ A/K/A LISA RODRIGUEZ-COLE's ("RODRIGUEZ-COLE") motion to sever. The Court, however, also granted her motion to continue trial. Defendants MATTA and MESA were not on notice of Co-Defendant RODRIGUEZ-COLE's motion.

## II.   ARGUMENT

### A.   Defendant Matta Has a Fundamental Right to a Speedy Trial.

Defendant MATTA hereby incorporates all his previous arguments raised at the August 15, 2005 hearing on Defendant MATTA's previous Motion to Sever Second Count of the Indictment and for Separate Trial.

The Federal Rules of Criminal Procedure permits a defendant to have a separate trial where joinder would result in prejudice to the defendant. Rule 14 states:

> **Relief from Prejudicial Joinder**
> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FRCP Rule 14.

Rule 14 requires the trial court to balance the right of defendants to a fair trial absent the prejudice that may result from joint trials, against the public's interest and

-3-

efficient and economic administration of justice. *United States v. Caldwell*, 594 F.Supp. 548, 552 (N.D. Ga. 1984).

In *Klopfer v. North Carolina*, 386 U.S. 213 (1967), the Supreme Court acknowledged that the right to a speedy trial "is a fundamental as any of the rights secured by the Sixth Amendment." There are four (4) factors that must be examined in determining whether there has been a speedy trial violation: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.

Applying the test promulgated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), it is clear the Defendant's charges must be severed from the other defendants. The length of delay between the alleged commission of the offense, November 2004 to May 17, 2005, is approximately 6 months. Defendant MATTA has been incarcerated since May 17, 2005 without any trial.

Any further delay in this case would prejudice the Defendant. The reason for further delay in this case was because Co-Defendant RODRIGUEZ-COLE is to undergo a psychiatric evaluation, which will occur by September 13, 2005 – at which point, the Court will then set a trial date. Defendant MATTA has been preparing for trial for four months, when trial was originally scheduled for August 30, 2005. An evaluation of Co-Defendant RODRIGUEZ-COLE does not in any way benefit Defendant MATTA. Since Co-Defendant RODRIGUEZ-COLE's charges are separate from Defendant MATTA, a severance from the defendants would not prejudice the other defendants. Defendant MATTA has maintained his innocence and asserts his right to a speedy trial. Defendant MATTA is presently incarcerated

-4-

and further delay would prejudice him. Defendant MATTA is hereby prejudiced by further detention without trial.

## CONCLUSION

For the above-enumerated reasons, Defendant MATTA respectfully requests that he have a separate trial for the charges in the Second and Third Count of the Indictment and requests that his trial be expedited.

Respectfully submitted this 26th day of August, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA

# CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before August 26, 2005, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendant Gilbert Jose Matta's Motion to Sever; Memorandum of Points and Authorities; Certificate of Service**, to the following parties at their place of business:

| | |
|---|---|
| **Ms. Marivic P. David**<br>Assistant U.S. Attorney<br>Suite 500, Sirena Plaza<br>108 Hernan Cortez Avenue<br>Hagatña, Guam 96910<br>**Counsel for the United States of America** | **Howard G. Trapp, Esq.**<br>HOWARD TRAPP INCORPORATED<br>200 Saylor Building<br>139 Chalan Santo Papa<br>Hagatña, Guam 96910<br>**Counsel for Defendant Sean Michael Cole a/k/a Shawn Cole** |
| **Joaquin C. Arriola, Jr., Esq.**<br>ARRIOLA, COWAN & ARRIOLA<br>259 Martyr Street, Suite 201<br>Hagatña, Guam 96910<br>**Counsel for Defendant Jessica Rose Mesa** | **Ms. Cynthia V. Ecube**<br>LAW OFFICES OF CYNTHIA V. ECUBE<br>207 Martyr Street, Suite 3<br>Travel Pacificana Building<br>Hagatña, Guam 96910<br>**Counsel for Defendant Annette Joyce Gonzalez a/k/a Anette Romero** |
| **William L. Gavras, Esq.**<br>LAW OFFICES OF GORMAN & GAVRAS<br>2nd Floor, J&R Building<br>208 Route 4<br>Hagatña, Guam 96910<br>**Counsel for Defendant John Timothy Peralta** | **Samuel S. Teker, Esq.**<br>TEKER TORRES & TEKER, P.C.<br>130 Aspinall Avenue, Suite 2A<br>Hagatña, Guam 96910<br>**Counsel for Defendant Deanna Ingrid Morales a/k/a Deanna Morales Guerrero** |

/ /

/ /

| | |
|---|---|
| 1 | DEFENDANT GILBERT JOSE MATTA'S MOTION TO SEVER; |
| | MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE |
| 2 | **United States of America v. Gilbert Jose Matta, et al.** |
| | **U.S. District Court of Guam, Criminal Case No. 05-00039** |

**G. Patrick Civille, Esq.**
CIVILLE & TANG, PLLC
Suite 200, 330 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for Defendant Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole**

Dated this 26th day of August, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA