ORIGINAL

FILED
DISTRICT COURT OF GUAM
AUG 2 9 2005
MARY L.M. MORAN
CLERK OF COURT

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S OPPOSITION TO** |
| vs. ) | **DEFENDANT GILBERT** |
| ) | **JOSE MATTA'S MOTION TO** |
| ) | **SEVER** |
| **GILBERT JOSE MATTA,** ) | |
| JESSICA ROSE MESA and ) | |
| LISA MARIE RODRIGUEZ ) | |
| a/k/a LISA RODRIGUEZ COLE, ) | |
| Defendants. ) | |

Defendant GILBERT JOSE MATTA seeks a severance on speedy trial grounds.

Generally, the 70-day clock is tolled during any period of excludable delay authorized by the Speedy Trial Act (STA). 18 U.S.C. § 3161(h). Some of the kinds of excludable delay the STA recognizes include delay resulting from other proceedings concerning the defendant, particularly the disposition of pretrial motions, 18 U.S.C. § 3161(h)(1)(F); delay that is imputed to the defendant arising from the activities or circumstances of a codefendant, 18 U.S.C. § 3161(h)(7); and delay resulting from court-ordered continuances based on a finding that the

ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(8)(A).

In Henderson v. United States, 476 U.S. 321, 330 (1986), the Supreme Court held that § 3161(h)(1)(F) excludes "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Id., 476 U.S. at 323 n. 2. Also, under the STA, delays caused by one defendant are excluded from the speedy trial clock as to all co-defendants. United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993), and the STA limitations period begins to run from the date the last co-defendant was arraigned. United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994).

In this case, the defendant and his co-defendants filed numerous pretrial motions, and the speedy trial period has been tolled based on those motions. Once excludable time has been taken into account, the defendant cannot show any STA violation.

Moreover, a lengthy delay is necessary to trigger the Barker v. Wingo analysis and the Sixth Amendment. Barker v. Wingo, 407 U.S. 514, 530 (1972). "[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." United States v. Nance, 666 F.2d 353, 360 (9th Cir. 1982). As well, "the Speedy Trial Act affords greater protection to a defendant's right to a speedy trial than is guaranteed by the Sixth Amendment, and therefore a trial which complies with the Act raises a strong presumption of compliance with the Constitution." United States v. Baker, 63 F.3d 1478, 1497 (9th Cir. 1995)(citations omitted).

//
//
//
//
//

2

Here, the tolling of the speedy trial period for pretrial motions filed by defendant and his co-defendants did not violate Sixth Amendment right to speedy trial. The defendant has not overcome the presumption that compliance with STA satisfied the Sixth Amendment right to a speedy trial.

Based on foregoing, defendant's motion to sever trial should be denied.

RESPECTFULLY submitted this 29th day of August 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *[signature]*
MARIVIC P. DAVID
Assistant U.S. Attorney

3