LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
SEP -7 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> LISA MARIE RODRIGUEZ ) <br> a/k/a LISA RODRIGUEZ-COLE, ) <br> GILBERT JOSE MATTA and ) <br> **JESSICA ROSE MESA**, ) <br> ) <br> Defendants. ) | CRIMINAL CASE NO. 05-00039 <br><br> **GOVERNMENT'S OPPOSITION TO DEFENDANT JESSICA ROSE MESA'S RENEWED MOTION TO SEVER TRIAL** |

A. <u>The Speedy Trial Act</u>

In multiple defendant cases, only one speedy trial clock governs the action and the 70-day clock of the Speedy Trial Act (STA) does not start running until the last co-defendant has been arraigned. 18 U.S.C. § 3161(h)(7). See also Henderson v. United States, 476 U.S. 321, 323 n. 2 (1986). Also, the STA excludes from the 70-day computation any delay attributable to the filing and resolution of defendant's pretrial motions. 18 U.S.C. § 3161(h)(1)(F).

Moreover, under 18 U.S.C. § 3161(h)(7), a delay attributable to any one defendant is ascribed to all co-defendants in the same case, absent severance, and chargeable only to the

single controlling clock. This interpretation is consistent with the legislative history of that section, which indicates that "the purpose of [18 U.S.C. § 3161(h)(7)] is to make sure that [the Act] does not alter the present rules of severance of co-defendants by forcing the government to prosecute the first defendant separately or be subject to a speedy trial dismissal motion." S.Rep. No. 93-1021, 93rd Cong.2nd Sess. 38 (1974). The general purpose of Section 3161(h)(7) is to facilitate the efficient use of judicial resources by enabling joint trials. See also United States v. Varella, 692 F.2d 1352, 1359 (11th Cir.), cert.denied, 104 S.Ct. 127 (1983)("[C]ongress felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time.").

In this case, the last arraignment of a named co-defendant to the original indictment was that of Annette Joyce Gonzalez on July 29, 2005. The speedy trial clock, thus, should have began to run on July 30, 2005, however such clock has still been tolled. Before July 30, 2005, the co-defendants filed a series of pretrial motions, one of which remains unresolved. On June 24, 2005, co-defendant Lisa Marie Rodriguez raised the issue of her competency to proceed to trial which stopped the clock against all co-defendants. 18 U.S.C. §§ 3161(h)(1)(A) and (F). A further proceeding on that co-defendant's competency has been set for September 13, 2005, and the entire period of delay from June 24, 2005 to September 13, 2005, inclusive, has been properly excluded. 18 U.S.C. §§ 3161(h)(1)(A) and (8)(A). Consequently, no time has elapsed under the clock.

B. Sixth Amendment Claim

The defendant and co-defendant Gilbert Matta both assert that a further delay in trial will violate their rights under the Speedy Trial Clause of the Sixth Amendment. In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, four factors are considered: (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of speedy trial rights, and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Sears, Roebuck and Co., Inc., 877 F.2d 734, 739 (9th Cir. 1989). Under the

Sixth Amendment, delay is measured from "the time of the indictment to the time of trial." Id.

The length of the delay is a threshold issue, and the defendants "must show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay" before further analysis of other *Barker* factors occurs. Barker, 407 U.S. at 530; and United States v. Gregory, 322 F.3d 1157, 1161-62 (9th Cir. 2003)(the 22-month delay triggered a *Barker* analysis but was not excessively long). The Supreme Court in Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992), noted that courts generally have found that delays approaching one year are presumptively prejudicial. The Ninth Circuit has found that a six-month delay is a "borderline case," and recognized that eight months constitutes the threshold minimum among the courts of appeals. Gregory, 322 F.3d at 1162 n. 3.

Here, the defendants have not shown that any delay in bringing them to trial is at most a "borderline" case in terms of establishing the presumptive prejudice necessary to warrant a full Sixth Amendment inquiry. See also, United States v. Beamon, 992 F.2d 1009, 1014 (9th Cir. 1993)(17-month and 20-month delays were not "great").

Based on foregoing, the defendant's motion to sever trial should be denied.

RESPECTFULLY submitted this 7th day of September 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

3