LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM
OCT 13 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S MOTION** |
| vs. ) | **IN LIMINE** |
| ) | |
| **GILBERT JOSE MATTA,** ) | |
| **JESSICA ROSE MESA** and ) | |
| LISA MARIE RODRIGUEZ ) | |
| a/k/a LISA RODRIGUEZ COLE, ) | |
| Defendants. ) | |

NOW COMES the United States of America and moves the Court in limine to allow the government to introduce in its case-in-chief evidence of co-defendants Gilbert Jose Matta's and Jessica Rose Mesa's prior use of and involvement in the sale of illegal drugs. Government witness Sean M. Cole will testify to the effect that he has sold crystal methamphetamine to Matta at least on four different occasions sometime as early as September or October 2004. During late April 2005, Matta called Cole and asked him for methamphetamine. Cole told Matta that he did not have any and asked Matta if he knew where to get some. Cole and Matta met at a store's parking lot where Cole gave Matta $400 to buy a gram of crystal methamphetamine. Later,

Matta and Mesa returned to Cole's residence where Matta gave Cole a gram of methamphetamine. Matta told Cole that the gram that Matta purchased was from Mesa's brother. All three persons have also smoked methamphetamine in Cole's residence.

The admission of other acts evidence is governed by Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)") which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Crim.P. 404(b).

Rule 404(b) is a rule of inclusion and evidence of other crimes, wrongs, or acts is admissible so long as it is relevant to any issue other than the defendant's propensity to commit the crime, and the probative value of the evidence outweighs its prejudicial effect. Huddleston v. United States, 485 U.S. 681 (1988). In Huddleston the Supreme Court expressly noted that "(e)xtrinsic evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Id. at 685-86.

The Ninth Circuit has adopted a four-part test for the application of Rule 404(b) as set forth in United States v. Montgomery, 150 F.3d 983, 1001-01 (9th Cir. 1998): The evidence of other crimes, wrongs, or acts (1) must tend to prove a material issue in the case; (2) the other crime must be similar to the offense charged; (3) proof of the other crime must be based on sufficient evidence; and (4) the commission of the other crime must not be too remote in time. The Ninth Circuit has admitted evidence of a defendant's prior participation in narcotics offenses when knowledge and intent are elements of the crimes charged, as in this case. For example, evidence of prior use or sale of illegal drugs is relevant under Rule 404(b) in prosecutions for possessing, importing, or intending to distribute illegal drugs. See United States v. Mehrmanesh,

2

689 F.2d 822, 832 (9th Cir. 1982)(The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecution for possession of, importation of, and intent to distribute narcotics." Also, in a drug conspiracy prosecution, proof of a defendant's prior distribution of drugs is admissible to show that he was a knowing participant rather than an ignorant bystander, United States v. Martinez, 182 F.3d 1107, 1111-1112 (9th Cir. 1999), and relevant to prove absence of mistake or accident. United States v. Hegwood, 977 F.2d 492, 497 (9th Cir. 1992).

Here, the proffered evidence (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) is similar to the distribution conspiracy offense charged. The government is entitled to offer the evidence to prove the defendants' intent, knowledge, and lack of mistake or accident at the time of the crimes charged in the indictment, since the defendants' mental state will be a material issue.

Any potential prejudice will be minimized by an appropriate limiting instruction to the jury that the similar acts evidence is to be considered only for the proper purpose for which it will be admitted. See Huddleston, 485 U.S. at 691-92; and Montgomery, 150 F.3d at 1001.

RESPECTFULLY SUBMITTED this 13th day of October 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

3