Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
GILBERT JOSE MATTA

FILED
DISTRICT COURT OF GUAM
OCT 20 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, | DEFENDANT GILBERT JOSE MATTA'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO INTRODUCE PRIOR BAD ACTS |
| vs. | |
| GILBERT JOSE MATTA, JESSICA ROSE MESA, and LISA MARIE RODRIGUEZ a/k/a LISA RODRIGUEZ-COLE, | |
| Defendants. | |

## I. INTRODUCTION

The problem with the Government's Motion *In Limine* to introduce Defendant GILBERT JOSE MATTA's ("MATTA") prior bad acts is that the Government has failed to show the relevance of Defendant MATTA's prior bad acts to the present charges in the Superseding Indictment. Nowhere does the Government show MATTA had knowledge of any conspiracy to distribute methamphetamine or that MATTA had aided and abetted Co-Defendant SEAN MICHAEL COLE ("COLE") in the conspiracy. Moreover, any probative value of the Government's introduction of MATTA's prior bad acts is substantially outweighed by the danger of unfair prejudice to Defendant MATTA.

## II. ARGUMENT

Rule 404(b) prohibits the introduction of evidence of the Defendant's prior crimes, wrongs or similar acts to show the defendant has a bad character. Rule 404(b) provides:

> **Other Crimes, Wrongs, or Acts.** – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FRE Rule 404(b).

Evidence of prior bad acts may not be introduced unless the Government establishes the relevance to an actual issue in the case. _United States v. Hernandez-Miranda_, 601 F.2d 1104, 1108 (9th Cir. 1979). And even if all the other requirements are met, the evidence can only be admitted if its probative value is not substantially outweighed by the danger of unfair prejudice to the Defendant. _United States v. Hodges_, 770 F.2d 1475, 1479 (9th Cir. 1985).

For the prior bad acts to be probative, other than to show criminal propensity, the prior bad act evidence must: (1) prove the material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and, (4) not to be too remote in time. Then, once relevance is established, the District Court may admit the evidence unless the probative value is substantially outweighed by the prejudicial impact. _United States v. Johnson_, 132 F.3d 1279, 1282 (9th Cir. 1997).

-2-

Case 1:05-cr-00039   Document 175   Filed 10/20/2005   Page 2 of 5

In this case, the 404(b) criteria are not satisfied. In this case, knowledge is an element to the conspiracy and aiding and abetting charges. The testimony of the prior bad act witnesses is not relevant to prove Defendant MATTA's knowledge and intent to engage in a conspiracy. The prior bad act consists of MATTA allegedly buying from COLE; and MATTA providing COLE with drugs. This is totally dissimilar to the crimes charged of Conspiracy to Distribute and Aiding and Abetting. The prior drug use is not relevant to the ultimate issue of the case – whether Defendant MATTA was in fact aware of conspiracy to distribute. The prior drug use does not suggest any knowledge by Defendant MATTA of a larger conspiracy. The probative value of consuming drugs with COLE and MESA is attenuated with the issues in this case.

Moreover, the probative value of the prior bad acts witnesses is dubious but, most importantly, is highly and unfairly prejudicial to Defendant MATTA. Any evidence or testimony to Defendant MATTA's willingness to consume drugs is the type of evidence that "makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilty or innocence of the crime charged." <u>United States v. Bailleaux</u>, 685 F.2d 1105, 1111 (9th Cir. 1982). Evidence of Defendant MATTA's consumption of drugs directs the jury's attention away from the offense for which he is being tried to a different act of a serious nature. The testimony would create the impermissible inference that because Defendant MATTA consumed drugs with MESA and COLE, Defendant MATTA must have knowingly joined the conspiracy to distribute drugs and/or that he aided and abetted COLE in distributing drugs. This is precisely the danger FRE Rule 404(b) was designed to prevent.

Prior bad acts are not looked upon with great favor. <u>United States v. Herrera-Medina</u>, 609 F.2d 376, 379 (9th Cir. 1979). Prior bad acts must be narrowly circumscribed and limited. <u>Bailleaux</u>, at 1109. The courts have been reluctant to permit the use of evidence of other crimes arises from the underlying premise of our criminal justice system, that the defendant must be tried for what he did not for who he is. Under our criminal justice system, the defendant may only be convicted only for the offenses for which he is charged, and not for other unrelated criminal acts, which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular crimes that are being charged and for which the defendant is being tried, not by showing that the defendant has engaged in other acts of wrongdoing. <u>Hodges</u>, at 1479.

## CONCLUSION

The testimony at issue here creates the significant danger that Defendant MATTA will be convicted not because he committed the crimes charged, but because he previously consumed drugs with the Co-Defendants MESA and COLE. The testimony is of slight probative value and highly unfairly prejudicial. Therefore, the testimony should be excluded.

Respectfully submitted this 20th day of October, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA

-4-

# CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before October 20, 2005, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendant Gilbert Jose Matta's Opposition to Government's Motion *In Limine* to Introduce Prior Bad Acts; Certificate of Service**, to the following parties at their place of business:

**Ms. Marivic P. David**
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for the United States of America**

**G. Patrick Civille, Esq.**
CIVILLE & TANG, PLLC
Suite 200, 330 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for Defendant Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole**

Dated this 20th day of October, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**GILBERT JOSE MATTA**

By: _____
LOUIE J. YANZA

-5-