FILED
DISTRICT COURT OF GUAM
OCT 28 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERT JOSE MATTA,<br><br>Defendant. | Criminal Case No. 05-00039 |

**FINAL CHARGE TO THE JURY**

**AND VERDICT FORM**

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

This case involves two counts (Counts 2 and 3) alleged against defendant, Gilbert Jose Matta, in the government's four count indictment. The government charges defendant with Conspiracy to Distribute Methamphetamine Hydrochloride (Count 2) and Aiding and Abetting the Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute (Count 3).

3.

Defendant has pleaded not guilty to the charges against him. He is presumed innocent. He does not have to present any evidence to prove his innocence.

4.

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that defendant did not

testify.

5.

The government has the burden of proving each element of the charges beyond a reasonable doubt. Let me explain what that means. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty. It is not required, however, that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that defendant is guilty of a crime charged in the indictment, it is your duty to find defendant not guilty on that count. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that defendant is guilty of a crime charged in the indictment, it is your duty to find defendant guilty on that count.

6.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence; and

3. Any facts to which all the lawyers have stipulated here in the courtroom before you.

7.

In reaching your verdict, you may consider only the types of evidence I have described.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    2.     A suggestion or a statement in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

    3.     Objections by lawyers are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence. You should not be influenced by any question, objection or the Court's ruling on it.

    4.     Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

    5.     Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

                        8.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

testimony by a witness about what that witness personally saw, heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You should base your decision on all of the evidence regardless of which party presented it.

9.

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may have been answered or the exhibit received. If I sustained the objection, the question could not be answered and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

10.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of

it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness' memory;

3. The witness' manner while testifying;

4. The witness' interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness' testimony;

6. The reasonableness of the witness' testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

11.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

12.

You have heard testimony from a law-enforcement officer. The testimony of a law-enforcement officer should be considered by you just as any other evidence in the case and in

evaluating his or her credibility you should use the same guidelines which apply to the testimony of any witness. In no event should you give greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law-enforcement officer.

13.

You have heard the testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants, in order to apprehend persons engaged in criminal activities. Informants may properly assume the roles of members in criminal schemes. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

14.

You have heard testimony from Mia Mary Rojas, Gerardo E. Gonzalez, Jr., Sean Michael Cole a.k.a. Shawn Cole, and Jessica Rose Mesa, witnesses who may receive favorable treatment from the government in connection with this case. Their testimony was given in exchange for a promise by the government that the witness would receive favorable treatment, such as being required to plead guilty to only one of the offenses with which he or she would otherwise be charged. In evaluating the testimony of them, you should consider the extent to which or whether their testimony may have been influenced by their agreement with the government. You should examine those witnesses' testimony with greater caution than that of other witnesses.

You have heard the testimony that these witnesses have pled guilty to a crime arising out of the events involved in this case. I instruct you that their guilty pleas are not evidence against defendant. You may consider such pleas only in determining the witnesses' believability. You should consider these witnesses' testimony with great caution, giving it the weight you feel it

Page 7 of 19
Case 1:05-cr-00039   Document 189   Filed 10/28/2005   Page 7 of 19

deserves.

15.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons for the opinion, and all the other evidence in the case.

16.

You are here only to determine whether defendant is guilty or not guilty of the charges in Count 2 and 3 as charged in the indictment. Your determination must be made only from the evidence in this case. You have heard evidence of other conduct by defendant on different occasions. He is not on trial for that conduct. You may consider that evidence only as it bears on defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident or alleged modus operandi as to the offense for which he is on trial and for no other purpose. Remember that defendant is on trial only for the crimes charged in the indictment and *not* for any other activities.

17.

A separate crime is charged against defendant in each of the counts. You must decide each count separately. Your verdict as to one count should not control your verdict on any other count.

18.

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements and (2) if so, how much weight to give to it. In

making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

19.

You have listened to tape recordings that have been received into evidence. Each of you were given transcripts of the recordings to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recordings are the evidence, not the transcripts. If you heard something different from what appears in the transcripts, what you heard is controlling. You will not be given the transcripts, except Trial Exhibit No. 15, which was received in evidence.

20.

I will now discuss in more detail each of the charges against defendant. Count 2 of the indictment charges defendant with Conspiracy to Distribute Methamphetamine Hydrochloride (Count 2). The government alleges that:

> between and on or about November 2004, the exact date unknown, to May 17, 2005, in the District of Guam and elsewhere, the defendant, GILBERT JOSE MATTA, and other co-conspirators known and unknown, did unlawfully, intentionally, and knowingly combine, conspire, confederate and agree together and with others, to distribute over 100 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 846.

Again, the indictment is not proof of guilt. It is the government's burden to prove each element of the crime alleged beyond a reasonable doubt with actual evidence received here at this trial.

21.

I will now turn to the law that applies to this charge. In order for defendant to be found guilty of Count 2 of the indictment with Conspiracy to Distribute over 100 grams of

methamphetamine hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(A)(viii), and 846 of Title 21 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about November 2004, the exact date being unknown, and continuing up to and including May 17, 2005, there was an agreement between two or more persons to commit the crime of distribution of methamphetamine hydrochloride; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

22.

Let us take a closer look at these elements. To start, a conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand,

one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

23.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

24.

Once a person becomes a member of a conspiracy, that person remains a member until

that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The government has the burden of proving that the defendant did not withdraw from the conspiracy.

25.

Before being convicted of conspiracy, an individual must conspire with at least one co-conspirator. There can be no conspiracy when the only person with whom the defendant allegedly conspired was a government agent or informer who secretly intended to frustrate the conspiracy.

26.

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that the defendant was not a member of the charged conspiracy, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy.

27.

You have heard evidence that Sean Cole proposed to the defendant in April 2005 that defendant and Jessica Rose Mesa go to California to bring methamphetamine to Guam. There is no evidence that this proposal was ever accepted. I instruct you that this event cannot form the basis for any conspiracy conviction. You may, however, consider the event in determining the

extent of defendant's knowledge concerning Sean Coles' methamphetamine activities.

28.

It would not be enough to convict in this case for the government to prove only that defendant drove Sean Cole to the hotel to obtain a small amount of methamphetamine — for their personal use from a "large load" of methamphetamine — defendant understood would be at the hotel. In order to convict on the charge of conspiracy, you must find that the government has proven beyond a reasonable doubt that defendant conspired with Sean Cole to carry out at least one of the objects of the distribution conspiracy as well as the other elements of conspiracy as set forth above.

29.

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

30.

The term "distribute" means to deliver or transfer possession or control of a controlled substance from one person to another. A sale or an exchange of money is not required for a distribution.

31.

In Count 3 of the indictment, defendant is charged with Aiding and Abetting the Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute in violation of Title 18, United States Code, Section 2 and Title 21 United States Code, Sections 841(a)(1)

and 846. The government alleges that:

> On or about May 17, 2005, in the District of Guam, the defendant GILBERT JOSE MATTA, Jessica Rose Mesa, and Sean Michael Cole a/k/a Shawn Cole, did unlawfully and knowingly aid, abet, counsel, command, induce and procure the commission of attempt to possess with intent to distribute over 50 grams, net weight, of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1), and 846.

Again, the indictment is not proof of guilt. It is the government's burden to prove each element of the crime alleged beyond a reasonable doubt with actual evidence received here at this trial.

32.

I will now turn to the law that applies to this charge. A defendant may be found guilty of Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

33.

If you determine that defendant drove Sean Cole to the hotel simply for the purpose of obtaining a small amount of methamphetamine for their personal use and not for the purpose of Sean Cole obtaining a "large load" of methamphetamine or otherwise facilitating its distribution in a material way, then you must acquit on this count. To put it differently to obtain a conviction for aiding and abetting, the government must prove beyond a reasonable doubt that defendant knowingly drove Sean Cole to the hotel for the purpose of assisting Sean Cole in distributing over 50 grams of methamphetamine.

34.

The indictment charges that the crime occurred between certain dates. The Government does not have to prove that the crime happened on those exact dates. But the Government must prove that the crime occurred reasonably close to the dates alleged in the indictment.

35.

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed any crime, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in this case.

36.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should; but do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

37.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

38.

The punishment provided by law for the crimes charged is for the Court to decide. You may not consider punishment in deciding whether the government has proved its case against defendant beyond a reasonable doubt.

39.

Some of you have taken notes during the trial. Whether or not you took notes, you should

rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

40.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

    1.    All of the exhibits received into evidence;

    2.    A work copy of these jury instructions for each of you;

    3.    A work copy of the verdict form for each of you; and

    4.    An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

41.

A verdict form has been prepared for you. The Clerk will give each of you a copy of this verdict form to use as a reference during your deliberations. After you have reached unanimous agreement on a verdict, your foreperson will fill in the master copy of the verdict form, sign and date it and advise the Court that you are ready to return to the courtroom.

42.

A Court Security Officer will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to

the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

43.

You have been required to be here each day from 8:00 a.m. to 4:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 a.m. each day. If you do not reach a verdict by the end of today, then you will resume your deliberations on Monday and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

44.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

45.

My final instruction is directed to the alternate juror: Jason Fernandez. You will not be deliberating with the rest of the jury at the outset. You are free to leave once the jury begins its deliberations. You may be called in to replace one of the jurors. Therefore, your responsibilities as

alternates remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service.

If it becomes necessary to have you replace a juror, you will be asked to return to the Court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations anew. If you will not be needed, you will be notified as soon as the Court itself makes that determination.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: October 28, 2005.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE